



## MEMORANDUM OPINION

No. 04-10-00401-CV

**CITY OF LAREDO**,
Appellant

v.

Luis **MONTANO**, Cecilia Montano Mota, Cruz Jorge Montano, Clarence Hillburn, and
Clarence Hillburn as Executor of The Estate of Gloria Montano Hillburn, Deceased,
Appellees

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2008CVQ000134D1
Honorable Jose A. Lopez, Judge Presiding

PER CURIAM

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  November 9, 2011

MOTION TO STRIKE INTERVENOR'S BRIEF GRANTED

        This is an appeal from a final judgment in a condemnation proceeding.  Initially, three

special commissioners were appointed to determine a value for property that the City of Laredo

sought to condemn.  The property belonged to the appellees referred to herein as the Montanos.

Lopez Peterson PLLC represented the Montanos during this stage of the proceeding.

        After the Montanos rejected the value determined by the special commissioners and

objected to their findings, the Montanos hired Richard Gonzalez and Adriana Benavidez Maddox

to defend them in the lawsuit. *See* TEX. PROP. CODE ANN. § 21.018 (West 2004) ("If a party files an objection to the findings of the special commissioners, the court shall cite the adverse party and try the case in the same manner as other civil causes."). Lopez Peterson intervened and obtained a summary judgment ordering the Montanos to pay it $18,785.84, which was the balance of the attorney's fees it was owed. A jury subsequently found that the City did not have a right to condemn the property and awarded the Montanos $446,000 in attorney's fees for services through trial plus conditional appellate attorney's fees and expenses. The trial court initially signed a final judgment requiring the City to pay Lopez Peterson $18,785.84 for the unpaid attorney's fees, which amount was to be deducted from the $446,000 in attorney's fees the City was required to pay the Montanos. The trial court subsequently signed a modified judgment that removed the direct award to Lopez Peterson based on the City's arguments that ordering it to pay Lopez Peterson directly was improper.

The City was the only party to file a notice of appeal; however, Lopez Peterson filed an Intervenor's Brief. In its brief, Lopez Peterson raises an issue pertaining to its ability to recover the attorney's fees from the City. Although Lopez Peterson's prayer requests this court to affirm the trial court's judgment, it requests that we order the trial court to enforce the summary judgment by requiring the City to directly pay Lopez Peterson. The City filed a motion to strike Lopez Peterson's Intervenor's Brief.

In its motion, the City argues the Intervenor's Brief should be stricken because Lopez Peterson did not file its own notice of appeal. Rule 25.1(c) requires any party who seeks to alter the trial court's judgment to file a notice of appeal. TEX. R. APP. P. 25.1(c). Lopez Peterson argues in its response that it has standing to appeal because the City's brief attacks the sufficiency of the evidence to support the $446,000 attorney's fee award by arguing, in part, that

the amount due to Lopez Peterson should not be considered. The City's argument, however, would not permit Lopez Peterson to seek a change to the trial court's judgment absent an independent notice of appeal. *See Richard v. City of Austin*, No. 03-05-00700-CV, 2009 WL 1364359, at *2 n.1 (Tex. App.—Austin May 13, 2009, no pet.) (holding judgment could not be reversed as to intervenor because intervenor did not file notice of appeal); *see also Gore v. Scotland Golf, Inc.*, 136 S.W.3d 26, 34 (Tex. App.—San Antonio 2003, pet. denied) (party seeking to alter judgment must file notice of appeal); *Landon v. S & H Marketing Group, Inc.*, 82 S.W.3d 666, 685-86 (Tex. App.—Eastland 2002, no pet.) (party to judgment who does not file a notice of appeal may not raise an appellate issue asserting a claim for affirmative relief).

Because Lopez Peterson did not file a notice of appeal, we grant the City's motion and strike Lopez Peterson's Intervenor's Brief.

PER CURIAM